**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3859
_____

DABIN LIU,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
Immigration Judge: Honorable Annie S. Garcy
(Agency No. A094-048-585)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 17, 2010
Before:  SCIRICA, SMITH and WEIS, Circuit Judges

(Opinion filed: June 17, 2010)

_____

OPINION
_____

PER CURIAM.

        Dabin Liu petitions for review of a final removal order entered by the Board

of Immigration Appeals ("BIA").  We will deny the petition.

1

Liu, age twenty eight, is a native and citizen of China. In 2002, he graduated from Sichuan University, and from 2003 to 2005 he studied library management in Paris, France. In June 2005, rather than return to China, Liu entered the United States on a tourist visa. He overstayed the visa and filed an I-589 application for asylum in June 2006. In proceedings before an Immigration Judge ("IJ"), Liu conceded removability for overstaying, and he pursued asylum, withholding of removal, and Convention Against Torture ("CAT") relief. Liu claims that, shortly after entering the United States, he joined the China Democracy Party ("CDP"), which seeks to promote democracy in China and opposes the ruling Communist Party. Liu testified before the IJ that he participated in ten or more protests outside the office of China's Consul General in New York, wrote five articles for the CDP's website, passed out flyers in the street, and attended meetings. He claims to fear future persecution in China due to his CDP activities in the United States.

The IJ rejected the credibility of Liu's testimony. Among other things, the IJ observed that, in the I-589 application, Liu had stated that he recruited a woman in China, Ting Zhao, to join the CDP, and that the Chinese government had learned of Liu's CDP membership by arresting Zhao and pressuring her to identify Liu. The IJ noted that Liu made no mention in his direct testimony at the merits hearing of having recruited Zhao, of the Chinese authorities having learned of his CDP membership through Zhao, or of officials in China having visited his parents' home after learning of his CDP activities.

2

Because Liu neglected to mention this "centerpiece" of his asylum claim, and in light of additional inconsistencies that the IJ noted, relief was denied.

The BIA affirmed the adverse credibility determination, citing several inconsistencies in Liu's testimony, and thus affirmed the denial of asylum and withholding of removal. The BIA also rejected Liu's challenge to the exclusion of certain documents and testimony that Liu had sought to introduce at his April 2008 hearing.[1] The BIA noted that the IJ had set an October 31, 2007, deadline for the submission of this evidence, and that Liu had failed to seek an extension of time or to show good cause for his late filing.[2] The BIA also affirmed the denial of CAT relief. Liu timely filed a petition for review in this Court.

We have jurisdiction under 8 U.S.C. § 1252(a)(1). We review agency factual findings, including an adverse credibility determination, under the deferential substantial evidence standard. Butt v. Gonzales, 429 F.3d 430, 433 (3d Cir. 2005). An adverse credibility finding must be upheld unless "any reasonable adjudicator would be compelled to conclude to the contrary." Berishaj v. Ashcroft, 378 F.3d 314, 322 (3d Cir. 2004) (quotation marks omitted).

---

[1] The excluded evidence included Liu's original passport, various CDP membership materials, internet articles with their web addresses, and testimony from a witness to verify Liu's CDP membership and activities.

[2] The IJ's Docket Control Order provided that "[a]ny document filed after [October 31, 2007] **must be accompanied by a motion to enlarge deadline and written explanation** of why the document was not filed in time." A.R. at 545 (emphasis in original).

3

The REAL ID Act, which the BIA properly applied here, provides that the IJ, after "[c]onsidering the totality of the circumstances, and all relevant factors," may base an adverse credibility determination

> on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii).

We find substantial evidence to support the adverse credibility determination here. The central failing identified by the BIA was the discrepancy between Liu's direct testimony and his I-589 statement. As the BIA observed, "the inconsistencies included [Liu]'s failure to indicate on direct examination that his membership in the opposition party had been disclosed to government authorities by a friend he recruited into the party." A.R. at 4. In his I-589 statement, Liu had stated that the "China communist government had discovered the fact that I joined CDP from Ting Zhao ... another female member recruited by me." Id. at 456. While Liu testified on direct examination that Chinese officials became aware of his CDP activities after

4

interrogating his parents and, on cross-examination, he acknowledged that he had convinced friends in China to join the CDP, "when confronted by the [IJ] that his claim of his parents disclosing his party membership was inconsistent with his asylum application that stated his friend had made this disclosure, [Liu] refused to acknowledge the inconsistent testimony." Id. at 4. This inconsistency, as the BIA noted, goes to the heart of Liu's asylum application because it was the reason cited in the I-589 application for Liu's fear of returning to China.

The BIA noted further inconsistencies and omissions, including Liu's "claim that he freely talked to individuals in China on the telephone and his party's internet site was readily available in China, but could not obtain corroborative evidence of his friend's or parents' interrogation as the Chinese authorities closely monitored the mail and internet sites." Id. at 4-5. In addition, Liu's "application claimed that criminal charges had been filed against him in China, but he denied this claim at the hearing in April 2008 asserting that such charges might be filed against him if he is returned to China." Id. at 5. Finally, the BIA noted that the IJ had relied on Liu's "demeanor during the April 2008 hearing where he repeatedly was nonresponsive to questioning." Id.

We cannot conclude on this record that any reasonable adjudicator would be compelled to find Liu credible. Liu argues that the IJ mischaracterized his testimony, and that the adverse credibility finding "was based on speculation and conjecture and the IJ's predisposition to find against [Liu] because of his failure to comply with her scheduling

order." Petitioner's Br. at 33. Liu bases these arguments, however, upon his own readings of the record and, particularly, upon his own view as to how the various answers that he gave to questions posed at the merits hearing should be interpreted. We must be mindful that, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 574 (1985). Because the record fairly supports the BIA's view of Liu's testimony and its perceived shortcomings, Liu's proposed alternative readings of the record are insufficient to compel a contrary credibility finding.[3]

Liu also challenges the decision to exclude his late-filed evidence and the witness testimony that he wished to present to corroborate his CDP membership and activities. See note 1, supra. An IJ is authorized to "set and extend time limits for the filing of applications and related documents," and "[i]f an application or document is not filed within the time set by the [IJ], the opportunity to file that application or document shall be deemed waived." 8 C.F.R. § 1003.31(c). Courts review the exclusion of evidence under this provision for abuse of discretion. See Dedji v. Mukasey, 525 F.3d 187, 191 (2d Cir. 2008). We discern no abuse of discretion.

As the BIA explained at length, the IJ noted at a hearing on August 2, 2007,

---

[3] The BIA's adverse credibility determination supports its decision to affirm the denial of asylum and withholding of removal. Because Liu does not argue his CAT claim on this appeal, we deem that issue waived and do not address it. See Lie v. Ashcroft, 396 F.3d 530, 532 n.1 (3d Cir. 2005).

6

Liu's desire to present his evidence, and Liu's counsel requested a "couple of months" to obtain the evidence. The IJ set a deadline of October 31, 2007, which Liu failed to meet. The BIA found that "[t]he 3-month deadline imposed by the [IJ] was reasonable to obtain evidence that was in [Liu]'s possession or could be easily obtained by [Liu]." A.R. at 3. Further, the BIA noted Liu's failure to notify the IJ of any difficulty in obtaining the evidence and his failure to move for late filing of the materials by showing good cause.

Liu contends that the record fails to support the BIA's findings, and he argues that the government suffered no prejudice from his late filing. Liu concedes, as he must, that he failed to comply with the IJ's deadline for filing, and that he did not move to enlarge the deadline, but he argues that "the IJ's exclusion of evidence must still be reasonable under the circumstances[.]"[4] Petitioner's Br. at 24. We agree with the government that, even if Liu could show that his evidence was improperly excluded from consideration at the merits hearing, he has not shown how the admission of that evidence might have affected the credibility determination. As discussed, the adverse credibility finding was based on numerous inconsistencies and shortcomings in Liu's testimony, particularly the inconsistency between his direct testimony and the I-589 application on the basis for his claimed fear of returning to China. Consequently, given the absence of a showing of prejudice to Liu, we cannot conclude that the BIA abused its discretion in

---

[4] To the extent that Liu couches his argument in terms of a due process violation, he did not exhaust his administrative remedies before the BIA. Consequently, this Court lacks jurisdiction to consider a due process challenge. See 8 U.S.C. § 1252(d)(1).

7

affirming the IJ's decision to exclude Liu's late-filed evidence.

For the foregoing reasons, we will deny the petition for review.